# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELFASCO, INC., | : | Case No. 08-11578 (MFW) |
| | : | |
| a Delaware corporation, | : | **Re: Docket Nos. 515 and 525** |
| | : | |
| Debtor. | : | |

## REVISED ORDER GRANTING THE DEBTOR'S OMNIBUS MOTION PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6006 AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS TO DELFASCO FINANCE, LLC[1]

Upon consideration of the Debtor's Omnibus Motion for an Order Pursuant to Sections 105 And 365 of the Bankruptcy Code and Bankruptcy Rule 6006 Authorizing the Assumption and Assignment of Certain Executory Contracts to Delfasco Finance, LLC (the "Motion"), the Court having jurisdiction to consider the Motion; consideration of the Motion and the relief requested therein being a core proceeding; due and sufficient notice of the Motion having been provided; approval of the assumption, assignment and transfer of the Contracts pursuant to the terms of the APA and the Plan being within the sound discretion of the Court; it appearing that the relief requested in the Motion and the APA is fair and equitable and in the best interests of the Debtor, the estate, and its creditors; and after due deliberation and sufficient cause for the relief requested in the Motion having been established, it is HEREBY ORDERED that:

1. The Motion is GRANTED as set forth herein.

2. Subject to the terms of the APA and the Plan, the Debtors are hereby authorized and directed to assume the Contracts listed on Exhibit A hereto and assign and transfer those

---

[1] Terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

960582v.2

Contracts to the Buyer at the Closing pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code, free and clear of all interests of any kind or nature whatsoever. The Contracts shall remain in full force and effect for the benefit of the Buyer in accordance with their respective terms, notwithstanding any provisions contained therein that prohibit, restrict, condition, or limit assignment and/or transfer.

3. The assumption, assignment or transfer of the Contracts pursuant to the terms of this Order is integral to the APA and the Plan, does not constitute unfair discrimination, and is in the best interests of the Debtor, the estate and all parties in interest, and represents the reasonable exercise of sound and prudent business judgment by the Debtor. The Debtor shall: (i) to the extent necessary, cure, or provide adequate assurance of cure of any default existing prior to the date hereof with respect to the Contracts on or before Closing and (ii) to the extent necessary, provide compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default with respect to the Contracts on or before the Closing. The Debtor's obligation to pay the amounts set forth on Exhibit A (the "Cure Schedule," and such amounts collectively, the "Cure Amounts") and the Buyer's contractual obligations to perform under the Contracts after the Closing, shall constitute adequate assurance of future performance. Any objections to the assumption, assignment or transfer of any of the Contracts to the Buyer are hereby overruled. To the extent that any Contract counter-party to a Contract did not object to its Cure Amount(s) by the objection deadline established at the time of the filing of the Motion, such counter-party is deemed to have consented to such Cure Amount(s) and the assignment of their respective Contract to the Buyer. The Cure Amounts set forth on the Cure Schedule constitute findings of the Court and shall not be subject to further objection, dispute or audit based on performance prior to the time of assumption and assignment. Upon

payment of the Cure Amounts, as set forth on the Cure Schedule, such counter-parties are forever barred, stopped and permanently enjoined from (i) asserting against the Debtor or the Buyer, their affiliates, or the property of any of them, any default existing at Closing, or against the Buyer or its affiliates, any counterclaims, defenses, setoff or any other interest asserted or assertable against the Debtor and (iii) imposing or charging against the Buyer, or its affiliates, any accelerations, assignment fees, increases or other fees as a result of the Debtor's assumption and assignment to the Buyer of the Contracts.

4. To the extent not withdrawn, waived or settled, or not otherwise resolved pursuant to the terms hereof, objections to the Cure Amount(s) filed by counter-parties to the Contracts, if any, are hereby denied and overruled on the merits with prejudice.

5. Upon the Debtor's assignment of the Contracts to the Buyer, no default shall exist under any Contract, and no counter-party to any Contract shall be permitted to declare a default by the Debtor or the Buyer under such Contract or otherwise take action against the Buyer as a result of the Debtor's financial condition, bankruptcy or failure to perform any of its obligations under the relevant Contract. The failure of the Debtor or the Buyer to enforce at any time one or more of the terms or conditions of any Contract shall not be a waiver of such terms or conditions, or of the Debtor's and the Buyer's rights to enforce any and every term and condition of each Contract.

6. Upon satisfaction of the Cure Amount(s), the Debtor shall be released from any and all obligations under the Contracts.

7. The Debtor, in conjunction with the Buyer, has provided adequate assurance of future performance by the Buyer under the Contracts.

8. The Debtor, the Buyer and the Contract counter-parties are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to effectuate the assumption, assignment and transfer of the Contracts in accordance with the APA and the Plan and to perform any and all obligations contemplated therein.

9. Notwithstanding anything contained herein to the contrary, the following contract counterparties shall have twenty ~~(20)~~ two (21) days from service of this Order to file an objection to the revised cure amounts listed on Exhibit A (the "Revised Cure Amounts"): (i) Pitney Bowes; (ii) Comcast, (iii) Ricoh; (iv) Telescan; and (v) Verizon Wireless Acct No. 218471720-00002. All such objections shall be filed and served so as to be received by counsel to the Debtor at Potter Anderson & Corroon LLP, 1313 North. Market Street, 6th Floor, Wilmington, DE 19801, Attn: Steven M. Yoder, Esq. and counsel to the Purchaser at Hahn & Hessen LLP, 488 Madison Ave., New York, NY 10022, Attn: Gilbert Backenroth, Esq. and Jeffrey Zawadzki, Esq. Any such objections filed in accordance with the provisions of this Order shall be heard at the next scheduled omnibus hearing after such objections are filed. Upon the earlier of (i) expiration of the twenty (20) day period as set forth herein or (ii) resolution of any cure objection, and satisfaction of the Revised Cure Amount(s), the Debtor shall be released from any and all obligations under the contracts specified in this paragraph 9 as set forth in the remaining provisions of this Order.

10. For clarity, the only federal contracts the debtor is seeking to assume and assign are Department of Defense contracts (the "DOD Contracts"). Notwithstanding any provision in the Motion, this Order, the Plan, the APA, the Confirmation Order or other order to the contrary, the DOD Contracts shall be treated, determined, paid and administered pursuant to all applicable

960582v.2

non-bankruptcy law, federal regulations and statutes in the ordinary course of business. Moreover, without limiting the foregoing, nothing shall be interpreted to set cure amounts or to require the government to novate or otherwise consent to the transfer of any federal government contract, agreement or interest. The government's rights to offset or recoup any amounts due under, or relating to, any contracts, agreements or other interests are expressly preserved.

11. This Order shall be effective and enforceable immediately upon entry and shall not be stayed pursuant to Bankruptcy Rules 6004 or 6006(d).

12. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: April 9, 2010

THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

960582v.2